IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mildenzel M. Davis, | ) | C/A No.: 1:13-3458-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Cpt. Brunson; Cpl. Benjamin; and Officer Ms. Davis, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Mildenzel M. Davis, proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at Florence County Detention Center ("FCDC"). Defendants Captain Brunson, Corporal Benjamin, and Officer Davis (collectively "Defendants") are employees at FCDC. This matter comes before the court on Plaintiff's motion for a temporary restraining order ("TRO"). [Entry #24].

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motion requests injunctive relief, it is dispositive, and this Report and Recommendation is entered for the district judge's consideration.

I.   Factual Background

In his motion for a TRO, Plaintiff alleges Defendants have been "using force" on him and spreading rumors that he is a snitch. [Entry #24]. Plaintiff claims that he is suffering from mental health issues as a result. *Id*.

II.   Discussion

    A.   Standard of Review

A party seeking a preliminary injunction or temporary restraining order must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[1]  A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 555 U.S. at 22; *Real Truth*, 575 F.3d at 345–46.  Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief.  *Winter*, 555 U.S. at 19–20; *Real Truth*, 575 F.3d at 347.  Only then may the court consider whether the balance of equities tips in the party's favor.  *See Real Truth*, 575 F.3d at 346–47.[2]  Finally, the court must pay particular regard to the public consequences

---

[1] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Comm'n*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345–47, stating the facts and articulating the standard for the issuance of preliminary injunctions, before remanding it to the district court for consideration in light of *Citizens United*.  *See The Real Truth About Obama, Inc. v. Federal Elections Comm'n*, 607 F.3d 355 (4th Cir. 2010).

[2] Based on *Winter*, the *Real Truth* Court expressly rejected and overruled *Blackwelder*'s sliding scale approach that formerly allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm.  *Real Truth*, 575 F.3d at 347; *Winter*, 555 U.S. at 20–22.

of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 19–23).

B.  Analysis

First, Plaintiff has not demonstrated a clear likelihood of success on the merits. Although Plaintiff makes serious allegations, they are vague and conclusory. Additionally, he has not supported his allegations with any evidentiary support, such as incident reports or mental health records. Similarly, Plaintiff has not made a clear showing that immediate and irreparable injury, loss, or damage will result. Although Plaintiff claims he is suffering from serious injuries, he again fails to submit any documentation in support of his position. Plaintiff's conclusory allegations are insufficient to warrant the extraordinary remedy of injunctive relief.

Further, Plaintiff fails to meet his burden of proving that the balance of equities tips in his favor, and he fails to show how the public interest would be served by the issuance of a TRO. As Plaintiff has not demonstrated a likelihood of success on the merits or more than a possibility of irreparable harm, and because the balance of the equities and the public interest involved do not warrant the extraordinary remedy of injunctive relief, the undersigned recommends Plaintiff's motion for a TRO be denied.

III.  Conclusion and Recommendation

For the foregoing reasons, it is recommended that the district judge deny Plaintiff's motion for a TRO [Entry #24].

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

February 20, 2014  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).