IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mildenzel M. Davis, ) | C/A No.: 1:13-3458-TLW-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Cpt. Brunson, Cpl. Benjamin, and ) | |
| Officer Ms. Davis, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Mildenzel M. Davis, proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights by Captain Brunson, Corporal Benjamin, and Officer Davis ("Defendants") while Plaintiff was incarcerated at Florence County Detention Center ("FCDC"). This matter is before the court on Defendants' motion for summary judgment. [Entry #51]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [Entry #52]. This motion having been fully briefed [Entry #56, #59, #62, #63],[1] it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.). Because the motion is dispositive, this report and recommendation is entered for review

---

[1] The court also reviewed the affidavits [Entry #11, #21, #47] Plaintiff submitted before Defendants filed their motion.

by the district judge. For the following reasons, the undersigned recommends the court grant Defendants' motion for summary judgment.

I.  Factual and Procedural Background

Plaintiff's complaint asserts claims of excessive force, denial of legal mail/materials, unlawful prison conditions, and retaliation. [Entry #1 at 3]. Specifically, Plaintiff claims that Benjamin used a taser on him three times, causing burn marks on his neck, and that Davis was on top of him during the tasing incident. *Id.* He states that Benjamin and Davis called him names and threatened him. *Id.* He further alleges that Brunson denied him access to his law books and legal mail because he has a pending lawsuit against her. *Id.* He also complains that he is served cold food. *Id.* at 4. Plaintiff seeks only injunctive relief, explicitly stating that he is not requesting monetary damages, and that he does not want this to happen to other inmates. *Id.*

II.  Discussion

A.  Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents,

electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.     Analysis

Plaintiff's complaint only seeks injunctive relief concerning the conditions of his confinement at FCDC. [Entry #1 at 4]. On April 14, 2014, the court received a notice of change of address from Plaintiff that indicates he is no longer confined at FCDC. [Entry #54]. Defendants also alerted the court to Plaintiff's release. [Entry #59, #59-1]. Because Plaintiff only seeks injunctive relief, his claims are now moot. *See Incumaa v. Ozmint*,

3

507 F.3d 281, 286 (4th Cir. 2007) ("Mootness questions often arise in cases involving inmate challenges to prison policies or conditions, and courts, including our own, have held the transfer of an inmate from a unit or location where he is subject to the challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief, even if a claim for money damages survives."); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) ("Because the prisoner has been transferred, his request for injunctive relief is moot."); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) ("Absent a sufficient likelihood that he will again be wronged in a similar way, [plaintiff] is no more entitled to an injunction than any other citizen. . . .").

To the extent Plaintiff requests prospective injunctive relief on behalf of other prisoners, his claims are unavailing. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Hummer v. Dalton*, 657 F.2d 621, 623 n. 2, 625–26 (4th Cir. 1981) (finding that suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners"). Therefore, the undersigned recommends the court grant Defendants' motion for summary judgment.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court grant Defendants' motion for summary judgment [Entry #51]. If the district court accepts this

4

recommendation, Plaintiff's pending motions for a physical and mental evaluation [Entry #48] and to amend [Entry #49][2] will be rendered moot.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

September 11, 2014  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[2] Plaintiff's motion to amend did not seek to add a request for monetary damages.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).